## MAYES ET AL V. J. A. B. JONES.

IN SUPREME COURT, TYLER TERM, 1884.

*Estate of Deceased Person—Creditor's Lien.*—Our statute does not give any creditor a lien upon any specific piece of property of a deceased debtor by reason of its descent to his heirs.

*Heirs—Judgment—Execution.*—In an action by the creditor against the heirs of his deceased debtor, he can recover only to the extent of the assets received by such heirs from their ancestor. The suit is *in personam,* and upon the judgment obtained, execution issues as in case of any other judgment *in personam.*

Appeal from Wilson county.

The object of this suit was to subject property in the possession of the heirs of Mrs. Mary A. Mayes, deceased, and derived by descend from her, to the payment of a debt due the appellee from the estate of the deceased. Of the eight heirs who were sued only two, viz., R. E. L. Mayes and Ida Devereaux, insisted upon any defence to the action, and they pleaded a general demurrer and the statute of limitation.

There is no statement of facts in the record, but the decree of the court shows that the plea of the statute of limitations was sustained as to all the claim sued on, with the exception of the sum of $787, and for that amount judgment was rendered against the heirs who had pleaded limitation. Judgment was further rendered against the other heirs for $1558, the total amount claimed by the plaintiff, including as well that which was, as well as that which was not barred by limitation. The court, however, directing that upon the payment of this sum, the amount decreed against the two heirs above mentioned, should become fully satisfied.

It was further provided in the decree that the payment of one-eight of the $787, by Ida Devereax or R. E. L. Mays, should release the party paying from any further liability under the decree ; and the payment of one-sixth of the $1558, by either of the other heirs, should be a satisfaction of the judgment so far as those heirs was concerned.

The court, having found that the heirs were in possession of a tract of land lying in Wilson county, descended from Mrs. Mayes, ordered its sale in satisfaction of the judgment ; and having made

provision for the protection of a minor defendant, declared the decree to be a lien upon the above property, and directed that neither of the defendants should be liable under the decree beyond the property decended to them from their deceased ancestor.

It will be seen that the whole amount of the plaintiffs recovery is $1558, of which the sum of $195.75 was absolutely adjudged in the first place against the two heirs, who defended the suit. The other heirs were, therefore, liable for the balance of the recovery, after the $195.75 had been deducted from it. But the court rendered judgment against the six heirs for the entire $1558, or against each of them for the sum of $256.66. This was clearly erroneous, and was probably an oversight in making up the decree. The judgment against them should have been for $1361.25 in the aggregate, and against each for the sum of $226.87½.

We think that the court erred in foreclosing a lien upon the Wilson county land, and in decreeing its sale in satisfaction of the judgment. Our statute does not give any creditor a lien upon any specific piece of property of the deceased debtor by reason of its descent to his heirs. The entire creditors of the deceased have the right to subject such property to the payment of their debts; and to that end they, or any one of them, may sue the heirs for the debt, and obtain judgment to the extent of the property secured by the heirs from their deceased ancestor. The suit is *in personam*, and the heir may show in defense that he has received no assets by descent, and prevent any recovery whatever against himself or limit the recovery to the amount so received. The judgment, when recovered, is conclusive of the fact that the heir has received assets to the amount for which it is rendered. and an execution issues upon it as in case of any other judgment *in personam.* The essential fact to be alleged and proved is the receipt of the assets by the heir, and to such extend as they are proved to have come into his possession, judgment goes against him, to be satisfied of any property of the heir liable to execution,

Such is the result of the decisions of this court upon statutes differing from that now in force in no important particular. (State v. Llewellyn, 25 Tex., 799 ; Webster v. Willis, 56 Tex., 468.

The judgment below must, therefore, be reversed and so reformed as to allow the appellee, Jones, a recovery against Ida Devereax and R. E. L. Mayes, each, for the sum of $98.37½, and against the other

defendants, each, for the sum of $226.87½, to be enforced by execution alone against the general property of said defendants, as in case of other personal judgment. In all other respects the judgment below is affirmed.

Willie, C. J.